UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:98CV106-V-02
(3:95CV178-03-V)

TONY B. ALEXANDER,           )
       Petitioner,       )
                             )
v.                           )           O R D E R
                             )
UNITED STATES OF AMERICA,    )
       Respondent.       )
_____)

**THIS MATTER** is before the Court on the petitioner's so-called "Notice Pursuant [T]o 18 U.S.C. §3582(c)(2) and Section 1B1.10 For The Amendment 484," filed May 16, 2005.

By the above-captioned Motion, this is at least the petitioner's seventh attempt (not counting his two appeals to the Fourth Circuit Court of Appeals) to have this Court either reconsider his 1998 Motion to Vacate or to set aside its August 2000 dismissal of that Motion to Vacate. According to this most recently filed document, the petitioner ultimately is contending that, notwithstanding the terms of his written Plea Agreement, the evidence against him was insufficient to support his conviction "for distributing 1.5 [kilo]grams of cocaine base . . . ." That is, the petitioner is arguing that the government failed to produce evidence which established that the entire amount of the cocaine base for which he was sentenced was a "smokable" substance, as opposed to a

mixture of cocaine and cutting agent which would had to be separated before consumption. Therefore, the petitioner argues that Amendment 484 precluded the Court from holding him responsible for the 1.5 the entire amount of crack which was attributed to him.

The petitioner is correct that Amendment 484 (effective Nov. 1, 1993) modified U.S.S.G. §2D1.1 to provide that the calculation of drug quantities to be attributed to defendants should not "include materials that must be separated from the controlled substance before it can be used." However, as is obvious from the foregoing, the subject Amendment was in effect at the time that the petitioner was charged, convicted and sentenced. Consequently, the petitioner cannot rely upon §3582 (which applies to favorable post-conviction amendments) in order to obtain review of this claim.

Equally critically, the record reflects that pursuant to the terms of his written Plea Agreement, the petitioner actually stipuated to the amount of cocaine base which was to be attributed to him, and the Court used that stipulated amount when it calculated the petitioner's sentence. Thus, at its crux, the petitioner's argument is entirely baseless.

Finally, as was noted in the Court's Order of July 9, 2004, the petitioner has continued to usurp this Court's scarce judicial resources with his numerous, frivolous post-judgment motions and notices (see 3:98CV106, documents ## 18, 19, 20, 21, 22, 23, 30, 32, 33, 36, 37 and 39 and 3:00CR178-1, documents ## 390, 391 and 392).

Further, that Order admonished the petitioner that if he continued to file such frivolous pleadings, he could be subjected to pre-filing review for future pleadings and to sanctions for his willful disregard of the Court's directives and its resources.

Despite the Court's admonition, the petitioner still has chosen to return to this Court on the instant patently frivolous document, essentially attempting to get another bite at the habeas corpus apple to which he simply is not entitled. Therefore, the petitioner's disdain for this Court's authority no longer will be tolerated. By this Order, the Court will institute a system of pre-filing review for all of the petitioner's future submissions in this case.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's "Notice Pursuant [T]o 18 U.S.C. §3582(c)(2) and Section 1B1.10 For The Amendment 484," filed May 16, 2005 is **DENIED**.

2. **That in light of the petitioner's continued submission of baseless motions, all future submissions from him in this case must be previewed to determine whether or not they may be filed with the Court. In particular, the Clerk shall receive-stamp all such submissions and then forward those documents to the undersigned for a merits preview. In the event that the submission is found potentially to have merit, it will be filed and disposed of by the Court in due course. In the event that the document is found to be**

without merit, the same will be returned, without comment, to the petitioner.

SO ORDERED.

Signed: October 2, 2006

Richard L. Voorhees
United States District Judge